# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRADLEY WINGO, | § | |
| | § | No. 434, 2019 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 1903000581(N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 6, 2020
Decided: May 26, 2020

Before **VAUGHN**, **TRAYNOR,** and **MONTGOMERY-REEVES**, Justices.

## O R D E R

1. A person convicted of a third offense of Driving Under the Influence or With a Prohibited Alcohol or Drug Content (DUI) must be sentenced to not less than one year nor more than two years of Level V imprisonment. The first three months of the minimum sentence cannot be suspended, but the sentencing court may suspend up to nine months of the minimum sentence on condition that the person participates in both a drug and alcohol abstinence program and a drug and alcohol treatment program. The statutory provision governing the drug and alcohol treatment program provides as follows:

[T]he offender shall complete a program of supervision which shall include:

> b. An intensive inpatient or outpatient drug and alcohol treatment program for a period of not less than 3 months. Such treatment and counseling may be completed while an offender is serving a Level V or a Level IV sentence.[1]

2. The Appellant, Bradley Wingo, pled guilty to a DUI third offense in a plea agreement in which the State recommended that he be sentenced to two years of imprisonment and that all but the mandatory three months be suspended. The Superior Court followed that recommendation and ordered that the required drug and alcohol treatment program be completed at Level IV House Arrest following completion of the three months of Level V imprisonment. The sentencing order further provided that Wingo was to serve one year at Level II probation following completion of the drug and alcohol treatment program. During his opportunity to make sentencing comments, defense counsel requested that Wingo be permitted to go straight from Level V imprisonment to Level II probation and complete the drug and alcohol treatment program at Level II. The sentencing judge declined that request, expressing the opinion that the statute required that the drug and alcohol treatment program be completed at Level V or Level IV.

---

[1] 21 *Del. C.* § 4177(d)(9)b.

3. On appeal, Wingo contends that the statute does not require that the drug and alcohol treatment program be completed at Level V or Level IV. He argues that the statute's use of the permissive word "may" gives the sentencing court the discretion to decide whether the program will be completed at Level V or Level IV or, in the court's discretion, at some lesser level, such as Level II.

4. We reject Wingo's contention. If we were to accept Wingo's argument, the sentence stating that the program may be completed at Level V or Level IV becomes completely superfluous. If the sentence were not there at all, the sentencing judge would have the discretion to permit completion of the program at any level of supervision. In order for the sentence to have purpose, it must be construed as giving the sentencing judge the discretion to select between Level V and Level IV for completion of the drug and alcohol program, but as limiting the judge's discretion to those two levels.

NOW, THEREFORE, IT IS THE ORDER of the Court, that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice